[Cite as *State v. Watkins*, 2018-Ohio-1805.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-589 |
| | | (C.P.C. No. 05CR-5611) |
| Clarence J. Watkins, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 8, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellant. **Argued:** *Valerie Swanson.*

**On brief:** *Colin E. McNamee*, for appellee. **Argued:** *Colin E. McNamee.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} The State of Ohio is pursuing an appeal from the trial court's granting of judicial release for Clarence J. Watkins. It assigns a single error for our consideration:

THE TRIAL COURT ERRED IN GRANTING JUDICIAL RELEASE IN THE ABSENCE OF RECORD SUPPORT FOR THE NECESSARY FINDING RELATED TO SERIOUSNESS.

{¶ 2} In April 2006, Watkins pled guilty to two charges of aggravated robbery with accompanying firearm specifications. He was sentenced to 20 years of incarceration. Six of the years were for the firearm specifications. The remaining 14 years were for the aggravated robbery charges.

{¶ 3} Over 11 years later, Watkins filed for judicial release.

{¶ 4} Some of the underlying facts of the crimes are not in serious dispute. Watkins was one of four men who entered a home seeking money. Watkins smashed the primary victim in the head with a pool cue, requiring 18 stitches and hospitalization. Later, the primary victim was shot in the leg. At the time of his guilty pleas, Watkins did not deny being the shooter.

{¶ 5} At the hearing on the motion for judicial release, the State of Ohio argued that the trial court had no basis for two essential findings if Watkins were to meet the standards for receiving judicial release. The State argued that the public could not be protected from future criminal offenses and that reducing the period of incarceration from 20 years to 12 years would demean the seriousness of the offenses.

{¶ 6} The trial court journalized an entry granting the judicial release, while acknowledging that the impact on the primary victim was severe. The trial court imposed a five-year period of intensive supervision in community control.

{¶ 7} The record before us on appeal is not as complete as it could be. For instance, we are not fully informed as to the reason for the original plea bargain involving two charges of aggravated robbery when it appears only one person, the primary victim, was the victim of a theft offense. The primary victim's mother was present and was restrained of her liberty, but apparently was not the victim of a theft offense as opposed to a kidnapping. On the other hand, it appears the primary victim was the victim of not only an aggravated robbery, but was also the victim of two felonious assaults. He was hit in the head with a pool cue requiring numerous stitches. He was also shot in the leg. Apparently, the plea bargain involved compromises and fictions which would be hard to undo now.

{¶ 8} As noted earlier, the record before us is far from complete. We do not really know as much as we would like about the age and maturity of Watkins at the time the crimes were committed. We do not know why, after accepting in open court the allegations that he was the person who shot the primary victim, he could credibly assert at the hearing on the motion seeking judicial release that he was not the shooter. We do not know how the trial court interpreted the statement made by trial counsel at the time of the plea that Watkins accepted the allegation that he was the shooter "[t]o the extent of this plea." (Apr. 11, 2006 Tr. at 16.)

{¶ 9}   With eleven years having elapsed between the original sentencing and the hearing on the motion for judicial release, the trial court judge had a basis for finding that additional maturity reduced the likelihood that Watkins would commit new crimes.  As noted elsewhere in this decision, Watkins had worked to learn an honest trade.  Also, he had a minimal number of write-ups during his incarceration.

{¶ 10} The issue which must be revisited is the issue about whether reducing the prison sentence demeaned the seriousness of the offenses.  The crimes included a home invasion of significant duration conducted by four men.  The primary victim was hit in the head requiring extensive stitching.  He was left lying on the floor bleeding for 15 minutes or more.  Then one of the men who invaded the house shot the primary victim apparently out of frustration that the invaders could not find the amount of money they expected.  The invaders apparently were unhappy that the primary victim did not direct them to more cash but instead claimed he had no more cash.

{¶ 11} The harm inflicted on the primary victim made the robbery of him a more serious form of the offense, not a less serious form of the offense of armed robbery.

{¶ 12} The harm inflicted on the primary victim's mother was psychological harm from seeing what was done to her son and seeing her home being invaded under the circumstances.

{¶ 13} The trial court seemed to be favorably impressed by the fact Watkins had used his time in prison to pursue a profession, meat cutting.  Having a legitimate occupation reduces the likelihood that Watkins will support himself with illegal activities.  The trial court was right to weigh this factor in determining that the threat of recidivism is reduced.

{¶ 14} The decision to grant judicial release involves a great deal of weighing of competing factors.  Therefore, such decisions are reviewed on appeal on a standard of whether or not the evidence was clear and convincing.  As to some issues, the evidence is clear and convincing, as to others, it is not.

{¶ 15} The sole assignment of error is sustained.  The case is remanded for further proceedings to develop the pertinent facts and record regarding whether granting judicial release would demean the seriousness of the offense.

*Judgment reversed and remanded*
*for further proceedings.*

**KLATT and DORRIAN, JJ., concur.**

KLATT, J., concurring.

{¶ 16} I agree with the majority decision to reverse the judgment of the trial court. However, I write separately because I would reverse for a slightly different reason. In order to grant judicial release, R.C. 2929.20(J)(1) requires the trial court to make two findings:

> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

{¶ 17} Here, the record contains no factors that would support the conclusion that "the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense." R.C. 2929.20(J)(1)(b). Essentially, without any less serious factors, coupled with the multiple more serious factors identified in the majority decision, the record does not support the required R.C. 2929.20(J)(1)(b) finding. Therefore, I would reverse for this reason.